IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

BRIAN PULLINGER, *individually and on behalf of all others similarly-situated*
116 Cobblestone Lane
Westville, NJ 08093

    *Plaintiff,*

v.

ARTHUR R. TODD ELECTRICAL CONTRACTOR, INC. d/b/a TODD ELECTRIC
314 Hurffville Cross Keys Road
Sewell, NJ 08080; AND

ARTHUR R. TODD
314 Hurffville Cross Keys Road
Sewell, NJ 08080

    *Defendants.*

Civ. Action No.: _____

**JURY TRIAL DEMANDED**

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Brian Pullinger ("Plaintiff") hereby brings this action Defendants Arthur R. Todd Electrical Contractor, Inc. d/b/a Todd Electric ("Todd Electric") and Arthur R. Todd ("Todd") (collectively, "Defendants"), and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this complaint contending that Defendants unlawfully failed to pay him and other similarly-situated individuals employed in the position of Journeyman ("Class Plaintiffs") for certain pre-and post-shift work and compensable travel time, resulting in the denial of overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.*

2. Plaintiff brings this action as a representative action under the FLSA and NJWHL for monetary damages and penalties, to seek redress for Defendants' willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

4. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

6. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which Plaintiff is complaining were committed in the State of New Jersey.

## PARTIES

7. Plaintiff Brian Pullinger currently resides at 116 Cobblestone Lane, Westville, NJ 08093.

8. Upon information and belief, Arthur R. Todd Electrical Contractor, Inc. is a business corporation organized and existing under the laws of the State of New Jersey with a headquarters at 314 Hurffville Cross Keys Road, Sewell, NJ 08080.

9. Upon information and belief, Defendant Arthur R. Todd is an adult citizen of the United States and New Jersey. Upon information and belief, Mr. Todd is the founder, principal, and president of Arthur R. Todd Electrical Contractor, Inc.

10. Upon information and belief, Defendant Todd maintains, and/or at all times relevant to the allegations contained herein, maintained operational control over Arthur R. Todd Electrical Contractor, Inc., exercising control, both directly and indirectly, over the terms and conditions of employment, work schedules, payroll, and compliance with federal and state wage and hour laws, of the employees of Defendant Arthur R. Todd Electrical Contractor, Inc., including, but not limited to, Plaintiff and putative Class Plaintiffs.

11. Defendants are employers and an enterprise engaged in commerce and are covered by the FLSA.

12. During the course of their employment with Defendants, Plaintiff and Class Plaintiffs are/were engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendant Arthur R. Todd Electrical Contractor, Inc. is a covered enterprise and employer under the FLSA in that, in each of the past three (3) years, it had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff and Class Plaintiffs) engaged in commerce within the meaning of the FLSA.

14. Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. § 203(e).

15. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

16. Paragraphs 1 through 15 are hereby incorporated by reference as though the same were fully set forth at length herein.

17. This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

18. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff bring this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Journeyman or in positions with substantially similar job duties who worked for Defendants at any point in the past three (3) years, were paid on an hourly basis, and denied overtime compensation due to Defendants' failure to count certain compensable travel time and pre- and post-shift work towards their total hours worked in violation of the FLSA ("Class Plaintiffs").

19. Plaintiff estimates that there are at least five (5) other similarly situated Class Plaintiffs who either are working or worked for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

20. Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because all the Class Plaintiffs are similarly situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants'

failure to count certain compensable travel time towards their total hours worked under the FLSA, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have affected Class Plaintiffs in the same fashion.

21. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## NJWHL CLASS ACTION ALLEGATIONS

22. Paragraphs 1 through 21 are hereby incorporated by reference as though the same were fully set forth at length herein.

23. Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All individuals presently or formerly employed by Defendants in the position of Journeyman at any point during the last three (3) years who were paid on an hourly basis and denied overtime compensation as a result of Defendants' failure to count certain compensable travel time and pre- and post-shift work towards their total hours worked under the NJWHL.

24. The members of the class as so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this class action by direct mail.

25. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

    a. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the NJWHL;

    b. Where the time Plaintiff and the Class spent working at Defendants' workshop prior to departing for their first jobsite of the day qualified as "hours worked" under the NJWHL;

    c. Whether Plaintiff and the Class are entitled to compensation for the time they spent traveling from their final jobsite of the day back to Defendants' workshop;

    d. Whether the time Plaintiff and the Class spent working at Defendants' workshop after returning from their final jobsite of the day qualified as "hours worked" under the NJWHL;

    e. Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

    f. Whether Plaintiff and the Class have suffered and are entitled to damages, and, if so, in what amount;

    g. Whether Defendants willfully violated the NJWHL; and

    h. Whether Plaintiff and the Class are entitled to liquidated damages under the NJWHL.

26. Plaintiff's claims are typical of the claims of the Class members. Plaintiff is a former employee of Defendants who was employed in the hourly position of Journeyman and who has suffered similar injuries as those suffered by the Class members as a result of

Defendants' unlawful pay practices described herein. Defendants' conduct of violating the NJWHL has affected Plaintiff and the Class in identical fashion.

27. Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

28. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

29. Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

    a. the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would have the potential to establish incompatible standards of conduct for Defendants;

    b. Defendants, by failing to count certain compensable travel time and pre- and post-shift work as "hours worked" under the NJWHL, have acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

    c. the common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

30. A Class Action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. Class

Action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of the Class to protect their interests.

## FACTUAL ALLEGATIONS

31. Paragraphs 1 through 30 are hereby incorporated by reference as though the same were fully set forth at length herein.

32. Plaintiff Brian Pullinger began his employment with Defendants in or around October 1997, when he was hired as a Helper.

33. In or around 2003, Plaintiff was promoted to the position of Journeyman, which he held until his separation from employment on October 7, 2021.

34. Plaintiff was paid on an hourly basis.

35. Upon information and belief, all Journeymen employed by Defendants are paid on an hourly basis.

36. Defendants classified Plaintiff as "non-exempt" from the overtime requirements of the FLSA and NJWHL.

37. Upon information and belief, Defendants classified all Journeymen as "non-exempt" from the overtime requirements of the FLSA and NJHWL.

38. Plaintiff's and Class Plaintiffs' primary job duties consisted of manual labor, performing electrical installation and maintenance services, and operating equipment at jobsites throughout the State of New Jersey at which Defendants provided electrical contracting services.

39. Plaintiff and Defendants' other Journeymen were required to report to Defendants' workshop in Sewell, NJ <u>no later than</u> fifteen (15) minutes prior to the time they were expected to leave the shop for their first jobsite of the day in order to prepare for the day's work.

40. Most days, Plaintiff and Defendants' other Journeymen were required to report to the workshop <u>no later than</u> 6:45 am to get everything ready to depart at 7 am.

41. In this regard, Plaintiff and, upon information and belief, Class Plaintiffs would report to the workshop and begin loading parts and equipment (such as wire, PVC pipe, and generators) onto company pickup trucks.

42. Plaintiff and Class Plaintiffs were then required to drive from the workshop to the first jobsite of the day.

43. Plaintiff and Class Plaintiffs were required to transport their tools and Defendants' parts and equipment from Defendants' workshop to their assigned jobsites.

44. Although they were typically required to report to the office by 6:45 am, Defendants did not begin paying Plaintiff and Class Plaintiffs until 7 am, or otherwise compensate them for their first fifteen (15) minutes of work at the workshop prior to departing for their first jobsite of the day.

45. Indeed, while Plaintiff and, upon information and belief, Class Plaintiffs were occasionally required to report to the workshop earlier – such as 6:15 am – Defendants would only begin paying them fifteen (15) minutes later.

46. Defendants did pay Plaintiff, and, upon information and belief, Class Plaintiffs for the time they spent traveling from the office to the first jobsite of the day, which typically involved a thirty (30) minute to one (1) hour long drive.

47. After concluding their work at the final jobsite of the day, Plaintiff and, upon information and belief, Class Plaintiffs were required to reload their work vehicles and transport their tools, unused parts and materials, and equipment back to Defendants' workshop.

48. On average, Plaintiff and, upon information and belief, Class Plaintiffs were required to drive between thirty (30) minutes to one (1) hour, or longer, from their last jobsite to the workshop.

49. Upon returning to the shop, Plaintiff and, upon information and belief, Class Plaintiffs, were required to back their trucks into the garage, drop off items and any remaining materials, and meet with Defendant Todd to be debriefed and receive instructions about that day's jobs as well as upcoming jobs.

50. Plaintiff and, upon information and belief, Class Plaintiffs were not allowed to drive company vehicles home.

51. Defendants did not/does not pay Plaintiff or its other Journeymen for the approximately three (3) to five (5) hours they spent/spend traveling between their final jobsite and Defendants' workshop each week.

52. Plaintiff complained to Defendant Todd about Defendants' failure to pay him and the other Journeymen for the time they spent traveling between the final jobsite and the workshop at the end of the day.

53. In response, Defendant Todd asserted that Defendants did not pay Plaintiff and Class Plaintiffs for the travel time between their final jobsite and the workshop because he paid

them at their full hourly rate for travel between jobsites during the workday, which, in Defendant Todd's view, Defendants did not have to do.

54. Plaintiff and, upon information and belief, Class Plaintiffs were required to drive non-commercial work vehicles (i.e. vehicles weighing less than 10,000 pounds), as opposed to heavier vehicles for which a CDL was required, either exclusively or for a significant portion of their travel time.

55. The time Plaintiff and Class Plaintiffs spent/spend traveling from Defendants' workshop to their assigned jobsite, between job sites, and from their assigned jobsite back to Defendants' workshop is "travel that is all in the day's work" within the meaning of the FLSA and NJWHL.  See 29 C.F.R § 785.38.

56. Despite the compensability of Plaintiff's and Class Plaintiffs' travel time as set forth above, Defendants did not/do not compensate Plaintiff and Class Plaintiffs for all the hours they spend thus traveling.

57. By failing to accurately track and compensate Plaintiff and, upon information and belief, Class Plaintiffs, for the time they spend/spent traveling between their final jobsite and Defendants' workshop, and for any time spent performing work at the workshop thereafter, Defendants have failed to pay Plaintiff and, upon information and belief, Class Plaintiffs overtime compensation in violation of the FLSA/NJWHL.

58. Additionally, by failing to count towards their "hours worked" the approximately fifteen (15) minutes of work Plaintiff and, upon information and belief, Class Plaintiffs performed at the office prior to departing for their first job of the day, Defendants have failed to pay Plaintiff and, upon information and belief, Class Plaintiffs overtime compensation in violation of the FLSA/NJWHL.

59. Plaintiff estimates that, as a result of the unlawful pay practices of Defendants described above, he and Class Plaintiffs have been denied overtime compensation for approximately one and a half (1.5) to three (3) hours of pre- and post-shift work, as well as approximately three (3) to five (5) hours of compensable travel time, for a total of approximately four and a half (4.5) to eight (8) hours of overtime per week.

60. Because Plaintiff and Class Plaintiffs are typically scheduled to work at least forty (40) hours per week (excluding the aforementioned travel time and pre and post-shift work), the vast majority, if not all, of the unpaid travel time and pre- and post-shift work described above is owed to Plaintiff and Class Plaintiffs at an overtime rate.

61. By way of example, during the workweek of August 22, 2021 to August 28, 2021, Plaintiff estimates that, in addition to the forty-three and a half (43.5) hours he spent traveling to and working at jobsites, he spent approximately ninety (90) minutes performing compensable pre-shift and post-shift work and approximately five (5) hours traveling from his final jobsite back to the shop, where he returned his company vehicle, unloaded materials, and/or met with Defendants' owner.

62. Despite thus working approximately forty-six and a half (46.5) hours, Plaintiff did not receive any overtime compensation for the approximately six and a half (6.5) hours he worked over forty (40) that workweek.

63. Defendants failed to track and maintain accurate records of the regular and overtime hours worked by Plaintiff and, upon information and belief, Class Plaintiffs, per day and per week as required by the FLSA. See 29 C.F.R. § 516.2.

64. Defendants were aware that Plaintiff and, upon information and belief, Class Plaintiffs were/are working significant overtime hours without properly receiving overtime compensation as aforesaid.

65. Plaintiff and Class Plaintiffs are/were compensated on an hourly basis and, as such, do not qualify for the exemptions from overtime for executive, administrative, or professional employees under the FLSA/NJWHL.

66. Plaintiff and Class Plaintiffs did not/do not have the authority to hire, fire, or discipline other employees of Defendants, nor did/do they make recommendations with respect to employee status changes to which Defendants give substantial weight.

67. As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/NJWHL.

68. Plaintiff and Class Plaintiffs did not/do not perform work directly related to Defendants' management or general business operations, nor did/do they exercise discretion or independent judgment regarding matters of significance to Defendants.

69. Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/NJWHL.

70. Plaintiff's and Class Plaintiffs' primary duty did not/does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties did not/does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.

71. Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/NJWHL.

72. Defendant is not a "motor carrier" or a "private motor carrier" within the meaning of the FLSA.

73. Upon information and belief, Plaintiff and, upon information and belief, Class Plaintiffs drove non-commercial vehicles, i.e. vehicles weighing less than ten thousand (10,000) pounds, either exclusively or to a significant degree.

74. Thus, to the extent Defendant can be classified as a "motor carrier," which Plaintiff denies, Plaintiff was not, and, upon information and belief, Class Plaintiffs who were tasked with driving company vehicles were not, exempt from the payment of overtime compensation due to the Small Vehicle Exception to the Motor Carrier Exemption. See 29 U.S.C. § 13(b)(1); see also McMaster v. E. Armored Servs., 780 F.3d 167, 169-72 (3d Cir. 2015).

75. Finally, there are no other exemptions under the FLSA or NJWHL which could arguably be applicable to Plaintiff or Class Plaintiffs.

76. Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and NJWHL, non-exempt employees of Defendants and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

77. As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

78. Paragraphs 1 through 77 are hereby incorporated by reference as though the same were fully set forth at length herein.

79. Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

80. As detailed above, Defendants unlawfully failed to count certain compensable travel time and pre- and post-shift work towards Plaintiff's and, upon information and belief, Class Plaintiffs' "hours worked" under the FLSA, resulting in the denial of overtime compensation.

81. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

82. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

83. Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all employees who have worked for Defendants during the preceding three (3) years as an hourly Journeyman and authorizing

Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

  C. Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

  D. Adjudicating and declaring that Defendants violated the FLSA by failing to pay Plaintiff and Class Plaintiffs overtime compensation at a rate of 1.5 times their regular rate of pay as a result of Defendants' failure to pay for certain pre-shift and post-shift work and compensable travel time;

  E. Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

  F. Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

  G. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

  H. Awarding pre- and post-judgment interest and court costs as further allowed by law;

  I. Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiff by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

  J. For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

## COUNT II
## NEW JERSEY WAGE AND HOUR LAW
## N.J.S.A. § 34:11-56a, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

84. Paragraphs 1 through 83 are hereby incorporated by reference as though the same were fully set forth at length herein.

85. The NJWHL provides that an employer must pay certain minimum wages, including overtime wages, to its employees. See N.J.S.A. 34:11-56a4.

86. The NJWHL further provides that employees must be paid at a rate not less than the greater of 1.5 times the employee's "regular hourly wage," or 1.5 times the minimum wage, for all hours worked over 40 in a workweek. See N.J.S.A. 34:11-56a4.

87. By their actions alleged above, Defendants have violated the provisions of the NJWHL by failing to properly pay overtime compensation to Plaintiff and Class Plaintiffs.

88. As a result of Defendants' unlawful acts, Plaintiff and the Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the NJWHL.

**WHEREFORE**, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendants as follows:

    A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and their counsel as class counsel;

    B. An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are entitled, including interest thereon, and penalties subject to proof;

    C. An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs

pursuant to the New Jersey Wage and Hour Law; and

      D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable New Jersey law, and all such other relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By:   */s/ Michael Groh*
       Michael Murphy, Esquire
       Michael Groh, Esquire
       Eight Penn Center, Suite 2000
       1628 John F. Kennedy Blvd.
       Philadelphia, PA 19103
       TEL: 267-273-1054
       FAX: 215-525-021
       murphy@phillyemploymentlawyer.com
       mgroh@phillyemploymentlawer.com
       Attorneys for Plaintiff

Dated: January 20, 2022

## **DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.