UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN PULLINGER,<br><br>            Plaintiff,<br><br>     v.<br><br>ARTHER R. TODD ELECTRICAL CONTRACTOR, INC.; ARTHUR R. TODD ELECTRICAL CONTRACTOR,<br><br>            Defendants. | No. 1:22-cv-00268-NLH-SAK<br><br>OPINION |

**APPEARANCES**:

MICHAEL P. MURPHY, ESQ.
MICHAEL CHRISTOPHER GROH, ESQ.
MURPHY LAW GROUP LLC
1628 JOHN F. KENNEDY BLVD.
EIGHT PENN CENTER
PHILADELPHIA, PA 19103

   *On behalf of Plaintiff Brian Pullinger.*

STEVEN KUDATZKY, ESQ.
8000 SAGEMORE DRIVE
SUITE 8302
MARLTON, NJ 08053

   *On behalf of Defendant Arthur Todd d/b/a Arthur R. Todd Electrical Contractor.*

**HILLMAN**, **District Judge**

   This matter comes before the Court on Plaintiff's unopposed motion to approve a settlement reached in this Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") matter. (ECF No. 17). On January 20, 2022, Brian Pullinger ("Plaintiff") filed an initial complaint alleging Arthur Todd d/b/a Arthur R.

Todd Electrical Contractor, Inc. d/b/a Todd Electric and Arthur R. Todd violated the FLSA and the new Jersey Wage & Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, et seq.  (ECF No. 1).  On June 1, 2022 Plaintiff filed a first amended complaint (ECF No. 12), whereby Plaintiff alleged only his individual claims solely against Defendant Arthur R. Todd d/b/a Arthur R. Todd Electrical Contractor("Defendant").[1]  In the amended complaint, Plaintiff alleged that Defendant failed to pay overtime compensation for certain pre- and post-shift work, as well as compensable travel time in violation of the FLSA and NJWHL.  (ECF No. 12 at 4-6). On June 10, 2022 Defendant filed an Answer to Plaintiff's First Amended Complaint, conceding that it failed to pay Plaintiff for the compensable travel time and denied the amount of overtime hours and any liability for the pre- and post-shift work.  (ECF No. 13 at 4).  Defendant also disputed Plaintiff's entitlement to liquidated damages on amounts owed under the FLSA and the three-year "willful violation" statute of limitations Plaintiff asserted.  (ECF No. 13 at 5).

    Subsequently, around mid-March 2022, the parties engaged in settlement negotiations.  (ECF No. s17 at 2).  On September 21, 2022 the parties advised the Court that they had reached a

---

[1] Plaintiff dropped his collective and class action allegations against Defendant and dropped all claims against Arthur R. Todd Electrical Contractor, Inc. d/b/a Todd Electric.

settlement. (ECF Nos. 17 and 18).

As Plaintiff's counsel noted, the Third Circuit has not addressed directly whether FLSA actions claiming unpaid wages may be settled privately without first obtaining court approval, and so the district courts here have followed the majority position and assumed that judicial approval is necessary. See Betteger v. Crossmark, Inc., No. 13-2030, 2015 WL 279754 at *3 (M.D. Pa. Jan. 22, 2015). Thus, the Third Circuit has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements, but "district courts have typically looked to the considerations set forth in Lynn's Food[.]" Brumley v. Camin Cargo Control, Inc., No. 08-1798, 2012 WL 1019337 at *2 (D.N.J. Mar. 26, 2012) (collecting cases).

Because Plaintiff's claims allege violations of the FLSA, the Court will review the settlement agreement and determine (1) whether the matter concerns a bona fide dispute, and (2) whether the settlement is a fair and reasonable resolution for Plaintiff. See Brumley, 2012 WL 1019337 at *1 ("Employees have two avenues for compromising an FLSA claim: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c); and (2) a district court-approved compromise pursuant to 29 U.S.C. § 216(b)"); Chillogallo v. John Doe LLC #1, No. 15-537, 2018 WL 4735737 at *1 (D.N.J. Oct. 1, 2018) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th

3

Cir. 1982)) ("When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to that Act's § 216(b), the district court may enter a stipulated judgment if it determines that the compromise reached is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."); Betteger, 2015 WL 279754 at *3.

The uncontested settlement agreement, which Plaintiff has provided to the Court, reflects a compromised settlement of $55,000 inclusive of attorneys' fees and costs. Plaintiff asks the Court to approve the following distribution for this sum: $35,338.00 to Plaintiff and an award to counsel for fees and costs in the amount of $19,662.00.[2] (ECF No. 17 at 16).

The Court finds this matter concerns a bona fide dispute. Plaintiff filed more than one complaint in this matter, the facts of which Defendants contested by way of answer. (ECF Nos. 1, 12, and 13). The parties disputed claims such as whether the Plaintiff performed compensable pre- and post-shift work, the number of hours and overtime hours performed on that contested work, Plaintiff's entitlement to liquidated damages, as well as

---

[2] According to the affidavit of Michael Groh, the total lodestar fee for hours worked (45.83) was $14,894.75, with the firm incurring $412 of expenses for the court filing fee and in research fees. (Id. at 25). Therefore, the total pursuant to the affidavit amounts to $15,306.75. The requested amount in the settlement agreement is $19,662.00, representing an additional $4,301.25 in fees.

4

the applicability of the three year "willful violation" statute of limitations. (Id.). These claims, defenses, and disputed issues evince the bona fide nature of the parties' dispute.

As to the fairness of the settlement, the FLSA contemplates that damages shall include: (1) any unpaid overtime compensation; and (2) in addition, an equal amount as liquidated damages. 29 U.S.C. § 216(b). The settlement agreement reflects a total compromised amount of $55,000, which Plaintiff's counsel asserts represents over one hundred percent of the overtime compensation and liquidated damages Plaintiff could reasonably expect to prove at trial, after attorney's fees and costs under the standard two-year statute of limitations. (ECF No. 17 at 4). Plaintiff's counsel estimated that Plaintiff could reasonably have expected to prove overtime damages under the FLSA in the amount of $16,363.49 under the two-year statute of limitations. (Id. at n.1). The amount would include one hundred percent of the overtime compensation and approximately seventy percent of the liquidated damages Plaintiff could expect at trial under the three-year statute of limitation if Plaintiff were successful in proving that Defendant willfully violated the FLSA. (Id. at 4-5).

Plaintiff's maximum potential recovery under the three-year statute of limitations would have totaled approximately $32,236.39 across all three theories of liability alleged. (Id.

5

at 5 n.2). Plaintiff's counsel asserts that the result is "excellent" in light of the risks of trial given the absence of accurate recordkeeping in this case, as well as the potential difficulty in demonstrating Plaintiff's entitlement to liquidated damages. (Id. at 5).

Here, the Court finds the settlement is a fair and reasonable resolution for Plaintiff. The resolution of this action for the amount exceeding Plaintiff's overtime compensation appears to fairly compensate Plaintiff while also balancing the considerable risk of going to trial.

With regard to attorneys' fees, Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate them for their work in recovering unpaid wages under the FLSA. 29 U.S.C. § 216(b). To determine the reasonableness of an attorneys' fee award in a FLSA action, judicial review is required "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Brumley, 2012 WL 1019337 at *9 (citations omitted). Moreover, the Court must make findings on the record to support the basis for accepting a fee award. Krell v. Prudential Ins. Co. of Am. (in Re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 341 (3d Cir. 1998).

Plaintiff's counsel explains they will receive thirty-six

6

percent of the total settlement amount and assert that because Plaintiff's recovery under the proposed settlement agreement is estimated to exceed his maximum recovery for unpaid overtime compensation, the costs and fees awarded to counsel will not reduce Plaintiff's recovery.  (ECF No. 17 at 5-6).  Counsel worked 45.83 hours at the hourly rate of $325 per hour, resulting in $14,894.75 in fees.  (Id. at 7).

The resulting thirty-six percent award with a 1.32 lodestar multiplier is consistent with the award of attorneys' fees in FLSA in the Third Circuit, which ranges from roughly 20-45%, with a lodestar multiplier between one to four.  See Mabry v. Hildebrandt, 2015 U.S. Dist. LEXIS 112137, at *9 (E.D. Pa. Aug. 24, 2015) ("The percentage of recovery is the prevailing method used by courts in the Third Circuit for wage and hour cases. . . In this Circuit, the percentage of the recovery award in FLSA common fund cases ranges from roughly 20-45%."); see also Krell, 148 F.3d at 341 ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied.").  Moreover, the Court recognizes that Plaintiff's counsel is experienced in these types of matters, wrote two complaints, and participated in prolonged settlement negotiations for nearly six months that encompassed all claims in this matter.  (ECF no. 17).

For the reasons set forth herein, the Court finds that

7

these costs are reasonable for the work done in this matter, and as such, this Court will approve the fee and cost award to Plaintiff's counsel in the requested amount of $19,662.00 and grant Plaintiff's unopposed motion to approve the settlement.

An appropriate Order will be entered.

Date: October 4, 2022           s/ Noel L. Hillman
At Camden, New Jersey          NOEL.L. HILLMAN, U.S.D.J.

8